CASE 91—TRUSTEE. INTEREST—MARCH 5, 1885.

# Page's Ex'r v. Holman, &c.

### APPEAL FROM BARREN CIRCUIT COURT.

1. The trustees used the money of the *cestui que trust* in their own busi-·
ness.   They do not show that they kept the trust fund separate from·
their own.
2. They should be treated as having loaned it to themselves, and. undei
such circumstances, interest was properly compounded against them.
with biennial rests.

PORTER & McQUOWN FOR APPELLANT.

1. It was error to render judgment against appellant for any sum of money
whatever.
2. It was error to render judgment against appellant for the alleged

amount in his hands, according to the report of the commissioner with biennial rests.

.3. The court should have allowed appellant a credit of $1,200, paid to Jewell for Holman. There was no failure to pay, and, therefore, interest to any amount is error.

W. P. D. BUSH AND FINLEY BUSH FOR APPELLEES.

1. The whole proof, including the evidence of James G. Page, shows that there is a large balance due.

2. It is the duty of a trustee to make the trust fund profitable, and if they use it for their own benefit, the interest should be compounded. (13 Bush, 307; Huffaker & Shy v. N. Bk. Monticello, 13 *Ib.*, 644; Commonwealth for &c. v. Williams, 14 *Ib.*, 297; Greening v. Fox, 12 B. Mon., 187.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

There are many circumstances shown by the testimony in this case which *tend* to sustain the defense— that the trustees, John H. and James G. Page, had accounted to the appellee, John E. Holman, for the trust funds received by them for his use under the will of George W. Page. The long delay in bringing suit; the numerous business transactions between the parties without any assertion of this claim; the execution of promissory notes by said Holman to both John H. and James G. Page, followed by payments by and suit against him upon some of them; the payment by them, as his sureties, of a debt which he thereafter, in part at least, repaid to them; their solvency and nearness of residence to him and his straitened financial condition,—are among them, and occurring and existing as they did, both after the trustees received the fund and after the *cestui que trust* became of age, they would, in the absence of other evidence, raise a prevailing presumption that he had no just claim.

The trustees, however, never made any settlement of

record. One of them testifies in the case, and does not prove that they ever made any kind of a settlement in any way or with any one, or ever accounted for the trust estate; while the appellee, John E. Holman, says that they never did. It is indeed improbable that they would have paid over to him the principal of the trust fund, as it is now claimed they did, without having a judicial construction of the will of George W. Page as to their right to do so; and it appears that another trust in favor of another party, committed to them by the same will, was not settled for many years.

It should be presumed that the judgment below is correct, and especially as to an issue of fact. It should not be disturbed unless it appears affirmatively from the record that it is erroneous, and not only does this not appear in this instance, as to the question of payment, but in our opinion this defense is not sustained by the testimony.

The claim to a credit of $1,200 for money alleged to have been paid to one Jewell by James G. Page, as the surety of the appellee, Holman, was properly rejected.

The amount so paid is in dispute. The latter claims that Page paid but $400 of it for him, and that he paid the balance; but it matters not which sum is correct, because the testimony shows that the claim was placed by Page in the hands of an attorney for collection; that Holman claimed that Page owed him as much or more upon the settlement of a tobacco venture; that both claims were barred by limitation, and both were dropped and Holman's note surrendered to him.

Page in fact proves that the claim was settled. He says in his testimony: "It was settled in some way,

but I could not tell you how.      *    *    * .  *

I reckon I must have received some compensation. some way or some how, but I don't recollect how it was."

The troublesome and only other question in the case is now reached.

By the commissioner's report and the judgment confirming it, the trustees were charged with compound interest at biennial rests. There is no fixed rule as to what would be a reasonable period for compounding interest upon a fund in the hands of a trustee, in a case where he is properly so chargeable.

The particular circumstances of each case must be regarded. If he gets yearly the use or interest, then it is morally just that interest should be counted thereon after he receives it.

By the civil law a trustee who used or perverted the trust fund was chargeable with extraordinary interest.

In England different rates of interest are charged according to the circumstances of each case; but there, as is the case at common law, a private trustee acts gratuitously in the absence of a stipulation for pay, save a *per diem*, by way of indemnity for expenses, may be allowed him, and he is only liable for such gross neglect as evinces bad faith or willful misconduct.

Here, as different rates of interest can not be applied to different degrees of negligence, the only question is whether simple or compound interest should be charged in a case where the trustee ought to have made the fund profitable.

The authorities are somewhat conflicting as to it.

It is said in Perry on Trusts, volume 1, section 471, that "if he (the trustee) has so mingled the money and the profits with his own money and profits that he can not separate and account for the profits that belong to the *cestui que trust*, the *cestui que trust* may have legal interest computed with annual rests, in order to compound it. * * * . The burden is on the trustee to show that he made no profits or received no benefit from the money ; and if he refuses to account or to show the amount of profits received, the court will give compound interest in order that it may be certain that the *cestui que trust* gets the profits of the trade or business in which the trustee has employed the money."

This court has, however, held, and it may be regarded as the rule in this State, that a trustee may be charged compound interest even in the absence of fraud or intended misconduct.

In Clark and Wife v. Anderson, 10 Bush, 99, the trustee had acted in good faith, but in such a way that he had to be treated as a trustee holding the trust fund for his own benefit, and interest was compounded biennially against him.

In Maupin's Ex'r v. Dulaney's Devisees, 5 Dana, 590, it was compounded only every three years, because, during a part of the time, the relief system prevailed ; while in Greening v. Fox, &c., 12 B. M., 187, it was allowed every two years.

In Clemens v. Caldwell, 7 B. M., 171, where a trustee failed to invest the fund as directed, and used it in his own business, interest was compounded each year.

In this case it is alleged in the petition that the trustees used the trust money in their own business,

and while a denial of this is interposed, yet no show-ing is made as to what they did with it; the burden properly rested upon them to disclose it, and they con-tent themselves with a plea of payment, which can not be sustained.    It is clear that they received the money; and it was their duty to make it profitable.  As already observed, they never made any settlement; and they do not show that they kept the trust funds separate from their own means; and having never accounted for the trust estate, they should be treated as having loaned it to themselves; and under such circumstances the interest should be compounded against them.    It is not only equitable that this should be the rule in such a state of case, but it will tend to prevent abuse and to indemnify against negligence.

Chancellor Kent held, in Schieffelin v. Stewart, 1 John. Chan., 620, after a learned review of the au-thorities, that under such circumstances a trustee should be charged annually with compound interest, while in this case it has been done only biennially.

Judgment affirmed.

Judge Lewis not sitting.